UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHNATHON L. DALTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Cause No. 2:25-cv-190-PPS-AZ |
| STATE OF INDIANA, WHITE | ) |
| COUNTY SUPERIOR COURT, and | ) |
| CARROLL COUNTY SUPERIOR | ) |
| COURT 1, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Johnathon L. Dalton, representing himself, filed a Notice of Removal [DE 1] and a Motion for Preliminary Injunction [DE 2] in this Court. Dalton seeks to remove to federal court three state criminal cases: one from the White County Superior Court (Case No. 91D01-2410-CM-000771) and two from the Carroll County Superior Court (Case Nos. 08D01-2409-F6-000112 and 08D01-2504-F6-00035). In his Motion for Preliminary Injunction, Dalton requests this Court to enjoin enforcement of his driver's license suspension imposed by the Carroll County Superior Court and to restore his full driving privileges. [DE 2 at 1.] Because Dalton does not assert a proper basis for removal of his state criminal prosecutions to federal court, I lack subject matter jurisdiction over this matter and will remand the proceedings to their applicable state courts.

Dalton alleges a Carroll County Sheriff's Deputy pulled him over on September 25, 2024, for an alleged speeding violation. [DE 1 at 5.] Dalton asserts, however, that the

1

basis for that stop "was fabricated without probable cause." [*Id*.] Moreover, Dalton alleges that officers submitted false affidavits concerning the stop, the state court (Dalton does not specify which one) held *ex parte* hearings, officers "forged judicial signatures" for a blood draw warrant, and "[t]he State and courts manipulated the spelling of [Dalton's] name across filings to confuse and obscure due process protections." [*Id*. at 1.] According to Dalton, his arrest and prosecutions are retaliation for his initiation of civil rights lawsuits against law enforcement agencies. [*Id*.] Dalton alleges violations of the First, Fourth, Sixth, and Fourteenth Amendments, denial of due process, malicious prosecution, and judicial conspiracy to suppress evidence. [*Id*. at 2.]

In Carroll County Superior Court Case No. 08D01-2409-F6-000112, Dalton is charged with (1) Resisting Law Enforcement, (2) Possession of Marijuana, (3) Possession of Paraphernalia, and (4) Operating a Vehicle with a Schedule I or II Controlled Substance. In Carroll County Case No. 08D01-2504-F6-00035, Dalton is charged with (1) Possession of Methamphetamine, (2) Driving While Suspended, (3) Possession of Marijuana, and (4) Possession of Paraphernalia. In his White County Superior Court case (Case No. 91D01-2410-CM-000771), Dalton is charged with (1) Resisting Law Enforcement and (2) Disorderly Conduct. I take judicial notice of the existence of these charges in Dalton's cited state court criminal proceedings. *See Daniel v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts.").

Dalton asserts several bases for removal, all but one of which are plainly inapplicable here. He seeks removal under 28 U.S.C. § 1331, 28 U.S.C. § 1441, 28 U.S.C. §

2

1443, 28 U.S.C. § 1446, and he also references 42 U.S.C. § 1983. [DE 1 at 1; DE 1-1 at 1.] 28 U.S.C. § 1331 is the statute for federal question jurisdiction of "civil actions"; it is not a vehicle for removal of state criminal actions. Likewise, 28 U.S.C. § 1441 and 28 U.S.C. § 1446 concern removal of state civil actions, not the criminal actions Dalton seeks to remove here. For its part, 42 U.S.C. § 1983 authorizes civil suits for violations of "rights, privileges, or immunities secured by the Constitution and laws", but once again it is not a vehicle for removal of state criminal proceedings.

What about 28 U.S.C. § 1443? That section does relate to removal of criminal cases from state court to federal court, and it has two operative subsections. But neither of them provides an avenue into federal court for Dalton. First, § 1443(2) is inapplicable to Dalton because it is "available only to federal officers and to persons assisting such officers in the performance of their official duties." *City of Greenwood v. Peacock*, 384 U.S. 808, 815 (1966). This leaves Dalton with § 1443(1), which permits removal to federal court of a state criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."

To remove his state criminal cases to this Court under 28 U.S.C. § 1443(1), Dalton must show: (1) that the rights he seeks to protect arise under a law "providing for specific civil rights stated in terms of racial equality," and (2) that he is unable to enforce those rights in state court. *See Georgia v. Rachel*, 384 U.S. 780, 792, 800 (1966). Concerning the first prong of this test, "general sources of equality rights, like the Due Process Clause, or rights framed in nonracial terms do not suffice." *Fenton v. Dudley*, 761 F.3d

3

770, 773 (7th Cir. 2014). Dalton's claims fail at the first prong of this test.

Dalton asserts violations of his constitutional rights under the First, Fourth, Sixth, and Fourteenth Amendments, but these are rights "available to all citizens, and such generally applicable laws do not support removal under § 1443(1)." *Illinois v. Burnside*, No. 22-1881, 2022 WL 15567884, at *1 (7th Cir. Oct. 28, 2022) (referring to the First, Fourth, Sixth, and Fourteenth Amendments); *Indiana v. Blocker*, No. 2:25 CV 152, 2025 WL 1076817, at *1 (N.D. Ind. Apr. 10, 2025) ("More general sources of equality rights, like the Due Process Clause or rights framed in nonracial terms, do not suffice.").

The Seventh Circuit does not appear to have weighed in on whether 42 U.S.C. § 1983 provides a basis for removal under § 1443(1) as a source of civil rights stated in terms of "racial equality", but numerous other circuits have held that § 1983 does not. *See Hurt-Whitmire v. Georgia*, 336 Fed.Appx. 882, 884 (11th. Cir. 2009) ("[B]road assertions under the Equal Protection Clause or 42 U.S.C. § 1983 are insufficient to support a valid claim of removal because racial equality rights do not include rights of general application."); *California v. Dawodu*, 122 Fed.Appx. 884, 885 (9th Cir. 2004); *Doe v. Berry*, 967 F.2d 1255, 1257 (8th Cir. 1992); *Smith v. Winter*, 717 F.2d 191, 194 (5th Cir. 1983). Regardless, Dalton does not invoke § 1983 in the context to "vindicate a racially motivated denial of equal protection." *Illinois v. Sadder-Bey,* No. 17-cv-4999, 2017 WL 2987159, at *3 (N.D. Ill. July 13, 2017) (citation omitted).

Dalton asserts no rights arising under a law that provides for "civil rights stated in terms of racial equality", *Rachel*, 384 U.S. at 792, nor does he provide any factual allegations that suggest a violation of his civil rights on the basis of his race. Dalton's

4

Amended Notice of Removal [DE 5] does nothing to change the situation and alleges more of the same generally applicable due process claims. I thus lack subject matter jurisdiction over Dalton's claims under § 1443(1). Case law, the statutes concerning removal, and the Federal Rules of Civil Procedure are clear that I must *sua sponte*, as here, remand a case that lacks subject matter jurisdiction. *Sadat v. Mertes*, 615 F.2d 1176, 1188 (7th Cir. 1980) ("[I]t has been the virtually universally accepted practice of the federal courts to permit any party to challenge or, indeed, to raise *sua sponte* the subject-matter jurisdiction of the court at any time and at any stage of the proceedings."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Accordingly, it is therefore **ORDERED** that the underlying criminal cases are **REMANDED** to the White County Superior Court and the Carroll County Superior Court. Given this Court's lack of subject matter jurisdiction, I will also **DENY** Dalton's Motion for Preliminary Injunction [DE 2]. The Clerk shall take all appropriate action to accomplish the remands.

**SO ORDERED**.

ENTERED:  May 28, 2025.

/s/Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT